UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 08-10016-CIV-KING

SCOTT A. HARRINGTON,

    Plaintiff,
vs.

CITY OF KEY WEST, FLORIDA, a
Florida municipal corporation, *et. al.*,

    Defendants.
_____/



## FIRST AMENDED COMPLAINT

Plaintiff, Scott A. Harrington sues Defendants, City of Key West, Florida, a Florida municipal corporation, Bill Mauldin, Chief of Police for the Key West Police Department, Officer Kelly S. Thomas, individually, Officer Eric DeFilippo, individually, Officer Blair Lowe, individually, and Officer Carter Sims, individually, and states:

### JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief, damages, and attorney's fees.

2. This is a civil action for damages pursuant to 42 U.S.C. §1983 for deprivation of rights guaranteed under the United States Constitution, the Florida Constitution and Common laws of the State of Florida.

3. Jurisdiction of this Court is proper in that Defendants removed this matter from State Court (DE # 1), 28 U.S.C. § 1441, to this Court, citing 28 U.S.C. § 1331, as its jurisdictional basis for removal.

4. This Court has original jurisdiction pursuant to the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 28 U.S.C. §§ 1331, 1343(a)(4), and pursuant to 42 U.S.C. §§ 1983, 1985(3) and 1988, and pendent jurisdiction pursuant to 28 U.S.C. §1367 (a).

5. All conditions precedent to maintaining this action have occurred or have been waived, including notice and service of process under Florida Statute § 768.28 (6) and (7).

6. Venue lies in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

7. Plaintiff, Scott A. Harrington ("Mr. Harrington") is an individual and a resident within the jurisdiction of this Court.

8. At all times material hereto, Defendant City of Key West, Florida ("City"), was and is a Florida municipal corporation.

9. Defendant Bill Mauldin ("Mauldin") as Police Chief of the Key West Police Department was at all times material hereto, was the duly appointed Chief of Police for the City of Key West, Florida, and is being sued in his official capacity.  By naming Mauldin in his official capacity this complaint

contemplates and incorporates, jointly and severally, the activities of all Officers of the Key West Police Department acting under the authority of same, including, but not limited to Defendants Officers Kelly S. Thomas, Eric DeFilippo, Blair Lowe, and Carter Sims.

10. At all times material hereto, the Defendants Officer Kelly S. Thomas ("Thomas"), Officer Eric DeFilippo ("DeFilippo"), Officer Blair Lowe ("Lowe"), and Officer Carter Sims ("Sims") were employed as law enforcement officers by the City of Key West, were acting in concert with and under the direction and control of Mauldin. They are all named in their individual capacities.

## GENERAL ALLEGATIONS

11. This is an action under the laws and Constitution of the United States and the State of Florida, alleging that City, by and through the actions of the Key West Police Department ("KWPD"), acting in concert, seek to impose an impermissible and unconstitutional prior restraint on the presentation and expression of speech, clearly protected by the First and Fourteenth Amendments to the United States Constitution and Article I, Section 4, of the Florida Constitution, including other constitutional grounds by penumbra.

12. City did this by creating and engaging in a pattern of harassment through

the customs and practices, the use of excessive force and/or excessive interference through unlawful arrests, selective enforcement of laws, ticketing, verbal commands, and intimidation of Mr. Harrington in the exercise of his constitutional right to observe and photograph and/or film in public places the activities of the KWPD and its officers.

13. As a result of the wrongful conduct of the Defendants, which was effectuated with full knowledge of, and callous indifference to, through its policies and procedures, or the lack there of, did impinge upon the guaranteed constitutional rights of Mr. Harrington.

14. On or about February 15, 2004, Mr. Harrington was cited (Case No. 04-TR-1624-K) for Running a Stop Sign in violation of Fla. Stat. § 316.123(2)(a), while riding his bicycle. This ticket was issued for the sole purpose of harassing and intimidating Mr. Harrington due to his exercising his constitutional right to observe and videotape KWPD officers in public places.

15. On or about February 18, 2004, Mr. Harrington was charged in Case No. 04-CF-4170-K with:  Breach of the Peace or Disorderly Conduct, in violation of Fla. Stat. § 877.03;  Assault or Battery on an Officer, in violation of Fla. Stat. § 784.07; and Resisting Arrest with Violence, in violation of Fla. Stat. § 843.01.

16. All three charges in paragraph fourteen (15) were subsequently dismissed by the State Attorneys Office. Mr. Harrington was wrongfully arrested without probable cause and charged with the three offenses because he exercised his constitutional right to observe and videotape officers of the KWPD in public places.

17. On or about April 27, 2004, Mr. Harrington was cited (Case No. 04-TR-4325-K) for Passing on Grade, Fla. Stat. § 316.087, while riding his bicycle. This ticket was issued for the sole purpose of harassing and intimidating Mr. Harrington due to his exercising his constitutional right to observe and videotape KWPD officers in public places.

18. On or about September 28, 2004, Mr. Harrington was cited with three infractions: Failure to Obey Traffic Control Device, in violation of Fla. Stat. § 316.074, Case No. 04-TR-5143-K, while riding his bicycle; Littering, in violation of Fla. Stat. § 403.413, Case No. 04-TR-5144-K; and five minutes later again with Littering, in violation of Fla. Stat. § 403.413, Case No. 04-TR-5145-K.

19. The three infractions listed in paragraph sixteen (18) were issued for the sole purpose of harassing and intimidating Mr. Harrington due to his exercising his constitutional right to observe and videotape KWPD officers in public places.

20. On or about September 28, 2004, Mr. Harrington was charged in Case No. 04-CF-4877-K (later transferred/changed to 04-MM-2682-K) for: Assault or Battery on an Officer, in violation of Fla. Stat. § 784.07; and Resisting or Obstructing an Officer Without Violence, in violation of Fla. Stat. § 843.02.

21. The Assault or Battery on an Officer charge was dropped and the Resisting or Obstructing an Officer Without Violence was transferred since it was a misdemeanor (Case No. 04-MM-2682-K). This count was not pursued by the State Attorneys Office and was subsequently dismissed. Mr. Harrington was wrongfully arrested without probable cause and these charges were filed for the sole purpose of harassing and intimidating Mr. Harrington due to his exercising his constitutional rights in videotaping Key West Police officers in public places.

22. On or about February 25, 2005, Mr. Harrington was cited again (Case No. 05-TR-3156-K) for Running a Stop Sign in violation of Fla. Stat. § 316.123(2)(a), while riding his bicycle. This ticket was issued for the sole purpose of harassing and intimidating Mr. Harrington due to his exercising his constitutional right to observe and videotape KWPD officers in public places.

23. On or about March 11, 2005, Mr. Harrington was cited again (Case No. 05-TR-4277-K) for Failure to Obey a Traffic Device in violation of Fla. Stat. §

316.074(1), while riding his bicycle. This ticket was issued for the sole purpose of harassing and intimidating Mr. Harrington due to his exercising his constitutional right to observe and videotape KWPD officers in public places.

24. On or about March 17, 2005, Mr. Harrington was charged (Case No. 05-MM-972-K) with Battery, in violation of Fla. Stat. § 784.03, for allegedly kissing DeFilippo on the cheek after DeFilippo grabbed Mr. Harrington and pulled him over to stand in a group picture. Thomas acted in concert with DeFilippo in wrongfully arresting Mr. Harrington.

25. Case No. 05-MM-972-K was dismissed by the Monroe County State Attorneys Office. Mr. Harrington was wrongfully arrested without probable cause and charged for the sole purpose of harassing and intimidating Mr. Harrington due to his exercising his constitutional rights in videotaping Key West Police officers in public places.

26. On or about June 30, 2006, Mr. Harrington was cited (06-TR-6356-K) with Violation of Right of Way, in violation of Fla. Stat. § 316.123(1), while riding his bicycle. This ticket was issued for the sole purpose of harassing and intimidating Mr. Harrington due to his exercising his constitutional right to observe and videotape KWPD officers in public places.

27. On or about September 21, 2006, Mr. Harrington was cited twice for

bicycle infractions: Failure to Obey a Traffic Control Device, Fla. Stat. § 316.074; Case No. 06-TR-9339-K; and Bicycle Violation, Fla. Stat. § 316.2065; Case No. 06-TR-9340-K.

28. The tickets listed in paragraph twenty-six (27) were issued to Mr. Harrington for the sole purpose of harassing and intimidating Mr. Harrington because he exercised his constitutional right to observe and videotape KWPD officers in public places.

29. On or about August 21, 2007, Mr. Harrington was cited by DeFilippo (Case No. 07-TR-7360-K) again for Running a Stop Sign, in violation of Fla. Stat. § 316.123(2)(a), while riding his bicycle. This ticket was issued for the sole purpose of harassing and intimidating Mr. Harrington due to his exercising his constitutional right to observe and videotape KWPD officers in public places.

30. As direct and proximate cause of the conduct, customs, and policies of the KWPD and the individual officers involved in the above episodes, Mr. Harrington has suffered and suffers severe mental anguish in connection with the deprivation of his liberties, constitutional and statutory rights guaranteed by the First, Fourth and Fourteenth Amendments of the United States Constitution and by 42 U.S.C. § 1983. Mr. Harrington seeks compensation for the severe mental anguish in connection with the

deprivation of his liberties.

31. As a result of the excessive use of force by Officers DeFilippo, Thomas, Lowe and Sims, Mr. Harrington has suffered and suffers a loss of confidence in the ability of the police to protect him and his family from harm. The continuing pain, suffering, and mental anguish Mr. Harrington suffers are a proximate foreseeable consequence of the actions of the Defendants.

32. As a result of the excessive use of force by Officers DeFilippo, Thomas, Lowe and Sims, Mr. Harrington received physical injuries and suffers continuing pain and mental anguish as a direct and proximate result of the actions of the Defendants.

33. The acts of all of the Defendants were committed under color of state law and were/are an example of the customs, practices, and policies of the KWPD. The customs, practices, and policies deprived Mr. Harrington of his constitutional rights, of which members of the City and of the KWPD were aware or should have known; but were denied with impunity and callous indifference.

34. At all times hereto, the KWPD failed to train its officers on the necessary procedure(s) to use when dealing with persons who are observing and videotaping them in public places. This failure of the KWPD to train its officers amounts to deliberate indifference to the rights of persons with

whom the police come into contact; including Mr. Harrington.

35. The KWPD made a deliberate or conscious choice not to train its officers in how to deal with persons who are observing and videotaping them in a public place and this lack of training resulted in the violation of Federal and State constitutional rights of the general public; including Mr. Harrington.

36. The need for training, either more or different, was obvious, and the inadequacy so likely to result in the violation of Federal and State constitutional rights of the general public, including Mr. Harrington, the policymakers of the KWPD were deliberately indifferent to the need.

37. Based on a grant of power from the State of Florida, the City adopted a Code of Ordinances which established that the police chief has final policymaking authority for police procedure in the City.

38. Officers DeFilippo, Thomas, Lowe, and Sims have petitioned the local state court and have been granted Restraining Orders against Harrington. The Restraining Order requires Harrington to keep at least 100 feet away from Defendants. The effect of the Restraining Order is a prior restraint on speech which sensors speech before it can take place.

## GENERAL ALLEGATIONS SUPPORTING DECLARATORY RELIEF

39. Mr. Harrington has a clear legal right to observe and videotape in any public forum or place, activities of the KWPD without unreasonable interference by Defendants, their agents, servants or employees. Any such unreasonable interference may only take place after Mr. Harrington has been afforded due process of law, as guaranteed by the First and Fourteenth Amendments to the United States Constitution and Article I, § 9, of the Constitution of the State of Florida. Mr. Harrington has been denied due process of law by unconstitutional application of the customs and practices of Defendants at issue herein on a First Amendment protected form of expression.

40. Mr. Harrington's positions, as set forth in this Complaint, are legally sound and supported by fact and law. The Defendant's actions have created a bonafide controversy between the parties. As a result, Mr. Harrington is in doubt as to his rights, privileges and immunities with respect to the conduct at issue herein. Mr. Harrington requires a declaratory judgment which states his rights, privileges and immunities. There is a clear, present, actual, substantial and bonafide justiciable controversy between the parties.

41. Mr. Harrington, as a direct and proximate result of the conduct of the Defendants, has been and will be required to terminate or substantially alter his First Amendment protected expression. This limiting of Mr. Harrington's

freedom of expression has caused and will further cause him severe irreparable hardship if the relief requested herein is not granted.

## GENERAL ALLEGATION SUPPORTING INJUNCTIVE RELIEF

42. Mr. Harrington has no adequate remedy at law. No amount of money damages could adequately compensate Mr. Harrington for the irreparable harms described herein. Mr. Harrington wishes to exercise a constitutional right which is guaranteed to him under the First Amendment to the Untied States Constitution. Neither damages, replevin, attachment nor any other legal remedy will suffice to safeguard the exercise of that right. In order to constitute an adequate legal remedy, the remedy must be plain, certain, prompt, speedy, sufficient, complete, practical, and efficient in attaining the ends of justice. It is unquestionable that no legal remedy would ever suffice to properly address the state action that ultimately results in denying citizens rights to guaranteed by the First Amendment.

43. Mr. Harrington and the general public will suffer irreparable injury if injunctive relief is not granted, and Defendants are allowed to enforce the customs, polices, and practices at issue herein. The loss of rights guaranteed by the First Amendment is so serious that, as a matter of law, irreparable injury is presumed and, in such an instance involving the loss of First

Amendment rights, damages are both inadequate and unascertainable.

44. The public interest would best be served by the granting of injunctive relief, and indeed, the public interest is disserved by permitting the continued enforcement of customs, policies, and practices of the KWPD, which are designed to, and do exhibit and cause a callous indifference to Mr. Harrington's and the public's constitutional rights under the First Amendment to the United States Constitution and the Florida Constitution.

45. All conditions precedent to the institution and maintenance of Injunctive Relief have occurred or have been performed.

46. The acts, practices and jurisdiction of Defendants are set forth herein, were and are being performed under color of state law and therefore constitute state action within the meaning of the Fourteenth Amendment to the Constitution of the United States.

## COUNT I. UNLAWFUL RESTRAINT AND DEPRIVATION OF FIRST AMENDMENT RIGHTS

47. Mr. Harrington re-alleges and incorporates paragraphs 1-46, supra, as if fully set out herein.

48. Pursuant to the First Amendment of the Constitution of the United States and subject to 42 U.S.C. § 1983, Mr. Harrington claims damages from Defendants as a result of acts, customs, practices, polices or the lack there of, by the KWPD, for having effectuated upon Mr. Harrington a prior

restraint on speech.

49. As a direct result, Mr. Harrington has been deprived of his First Amendment rights to freedom of expression, in violation of the First and Fourteenth Amendments of the Constitution of the United States and subject to 42 U.S.C. § 1983.

50. This deprivation of Mr. Harrington's rights, which the City is responsible under 42 U.S.C. § 1983, is the effect of the execution of the City's official policy or customs in respect to the observing and videotaping of KWPD officers while on duty and in a public places.

WHEREFORE, Plaintiff Scott A. Harrington demands judgment against Defendants, and for declaratory judgment, permanent injunction, the expunging of records, compensation for the severe mental anguish and deprivation of liberty, attorney fees pursuant to 42 U.S.C. § 1988, and other legal and equitable relief as may be just and proper, and demands trial by jury.

### COUNT II. UNLAWFUL RESTRAINT AND DEPRIVATION OF FREEDOM OF SPEECH AND PRESS ARTICLE I, § 4 Fla. Const.

51. Mr. Harrington re-alleges and incorporates paragraphs 1-46, supra, as if fully set out herein.

52. As a result of acts, customs, practices, polices or the lack there of, by the KWPD, a complete prior restraint has been effectuated upon Mr. Harrington. As a direct result, Mr. Harrington has been deprived of his right to freedom of speech and press in violation of the Florida Constitution under Art. I, § 4.

53. This deprivation of Mr. Harrington's rights, which the City is responsible under Article I, § 4, is the effect of the execution of the City's official policy or customs in respect to the observing and videotaping of KWPD officers while on duty and in a public places.

WHEREFORE, Plaintiff Scott A. Harrington demands judgment against Defendants, and for declaratory judgment, permanent injunction, the expunging of records, compensation for the severe mental anguish and deprivation of liberty, attorneys fees, and other legal and equitable relief as may be just and proper, and demands trial by jury.

### COUNT III. EXCESSIVE USE OF FORCE

54. Mr. Harrington re-alleges and incorporates paragraphs 1-46, supra, as if fully set out herein.

55. Pursuant to 42 U.S.C. § 1983, Mr. Harrington claims damages from Defendants for the use of excessive force during his arrests.

56. Mr. Harrington has been harassed, threatened with arrest, wrongfully arrested, handcuffed, jailed, thrown to the ground, and injured to the extent that Mr. Harrington required emergency medical attention for his injuries.

57. Mr. Harrington was wrongfully arrested without probable cause; and in the alternative, if he was arrested with probable cause, the extent of force used to effectuate the arrest was excessive and unlawful given the circumstances.

58. At all times hereto, Defendants Officers DeFilippo, Thomas, Lowe, and

Sims were acting under the color of state law when they arrested Mr. Harrington.

59. As a result of Defendants excessive use of force, Mr. Harrington suffered damages including physical injuries, pain and suffering therefrom, mental anguish and humiliation, defamation, and loss of standing in the community, and he incurred attorney and bond fees in defense of the charges that have been brought against him.

WHEREFORE, Plaintiff Scott A. Harrington demands judgment against Defendants, compensatory damages, attorney fees pursuant to 42 U.S.C. § 1988, and other legal and equitable relief as may be just and proper, and demands trial by jury.

## COUNT IV.  BATTERY

60. Mr. Harrington re-alleges and incorporates paragraphs 1-46, supra, as if fully set out herein.

61. Pursuant to the laws of the State of Florida, Mr. Harrington claims damages as a result the battery against him committed by the Defendants.

62. Officers DeFilippo, Thomas, Lowe, and Sims did intentionally touch or strike Mr. Harrington against his will.

63. The amount of force used by Officers DeFilippo, Thomas, Lowe, and Sims, was unreasonable and unnecessary and was of a force and nature beyond the need allowed by law.

64. The force by Defendants was excessive under the circumstances and resulted in a harmful and offensive contact of Mr. Harrington against his will.

65. As a further direct and proximate result of the conduct of the Defendants, Mr. Harrington suffered damages including physical injuries, pain and suffering therefrom, mental anguish and humiliation, defamation, and loss of standing in the community, and he incurred attorney and bond fees in defense of all the charges that have been brought against him.

WHEREFORE, Plaintiff Scott A. Harrington demands judgment and compensatory damages against Defendants, attorney fees, and other legal and equitable relief as may be just and proper, and demands trial by jury.

## COUNT V. FALSE ARREST

66. Mr. Harrington re-alleges and incorporates paragraphs 1-46, supra, as if fully set out herein.

67. This is an action in violation of the Fourth Amendment of the Constitution of the United States, subject to 42 U.S.C. § 1983, and Art. I, §§ 9 & 12, Florida Constitution.

68. Mr. Harington was arrested, detained against his will, and was only released after he was arraigned and posted bail.

69. The arrests of Mr. Harrington by Defendants were without probable cause, and objectively unreasonable under the circumstances for Defendants to

believe Mr. Harrington had committed any offense and Defendants were fully knowledgeable and aware that their conduct in effecting said arrests were without any basis in law.

70. As a result of the unlawful arrest, Mr. Harrington suffered damages including physical injuries, pain and suffering therefrom, mental anguish and humiliation, defamation, and loss of standing in the community, and he incurred attorney and bond fees in defense of all the charges that have been brought against him.

WHEREFORE, Plaintiff Scott A. Harrington demands judgment and compensatory damages against Defendants, attorney fees pursuant to 42 U.S.C. § 1988, and other legal and equitable relief as may be just and proper, and demands trial by jury.

## COUNT VI. MALICIOUS PROSECUTION

71. Mr. Harrington re-alleges and incorporates paragraphs 1-46, supra, as if fully set out herein.

72. This is an action under 42 U.S.C. § 1983 for malicious prosecution in violation of Harington's rights under the Fourth Amendment of the Constitution of the United States of America as secured by the Fourteenth Amendment, the laws of the United States and Art. I, §§ 9 & 12 Fla. Const.

73. Mr. Harrington has been wrongfully arrested and charged with both misdemeanor and felony crimes by Defendants.

74. Defendants arrested Mr. Harrington without probable cause and acted with malice or for a purpose other than bringing the plaintiff to justice.

75. Mr. Harrington suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceedings.

76. All of the charges were dropped or never filed against Mr. Harrington.

WHEREFORE, Plaintiff Scott A. Harrington demands judgment and compensatory damages against Defendants, and other legal and equitable relief as may be just and proper, and demands trial by jury.

Dated: July 29, 2008
Miami, Florida

_____
Lowell J. Kuvin
*Pro Hac Vice*
(FL Bar No.:053072)
lowell@kuvinlaw.com
Law Office of Lowell J. Kuvin, LLC.
22 NE 1st Avenue, Suite 201
Miami, Florida  33132
Telephone:  305.358.6800
Facsimile:   305.358.6808
Attorney for Plaintiff  Harrington