# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Case No.:** 08-10016-CIV-KING-BANDSTRA

SCOTT A. HARRINGTON,

    Plaintiff,

vs.

CITY OF KEY WEST, FLORIDA, a
Florida municipal corporation, *et. al.*,
OFFICER ERIC DEFILIPPO, individually,
OFFICER CARTER SIMS, individually,
    Defendants.
_____/

## PLAINTIFF SCOTT A. HARRINGTON'S MOTION *IN LIMINE* WITH INCORPORATED MEMORANDUM OF LAW

COMES NOW Plaintiff, Scott A. Harrington ("Mr. Harrington"), by his attorney, and requests this Court to enter an Order *in Limine*, to prevent any mention in opening statement, questioning of witnesses, closing argument or in any other way before the jury, of the following matters:

1. Any reference to the issue that Mr. Harrington was arrested and convicted of the felony of false impersonation and was incarcerated in Oklahoma in on or about 1989.

2. Any reference to the fact that Mr. Harrington refused to answer questions or provide discovery on the issue of income for the years 2003 thru 2007.

3. Any reference to the fact that Mr. Harrington refused to answer questions or provide discovery on the issue of tax returns for the years 2003 thru 2007.

4. Any reference or inference to Mr. Harrington's earning of income or the loss of income for any reason including matters at issue in the instant case.

5. Any reference to the existence or filing of this Motion in Limine, or to the fact that Plaintiff has sought to exclude evidence, or to any ruling on the Motion in Limine by the Court.

WHEREFORE Plaintiff Scott A. Harrington prays this Court will enter an order granting his Motion *In Limine* and preclude the above and any reference should be excluded from opening statement, questioning of witnesses, closing argument or in any other way before the jury.

## MEMORANDUM OF LAW

The granting or denial of a motion *in limine* is within the discretion of the trial court, subject only to review for abuse. Owner-Operator Independent Drivers Ass'n, Inc. v. Landstar System Inc., 541 F.3d 1278 (11th Cir. 2008) citing Mercado v. Orlando, 407 F.3d 1152,1156 (11th Cir.2005); Gammon v. Clark Equip. Co.,686 P.2d 1102 (1984), aff'd, 707 P.2d 685 (1985). A motion *in limine* should be granted only when the trial court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer of evidence or statements made during the trial concerning the material

will tend to prejudice the jury. State of Kansas v. Horn, 91 P.3d 517 (Kan. Ct. App. 2004).

Federal Rule of Evidence Section 609(a) allows "for the purpose of attacking the character for truthfulness of a witness" if either the "witness was convicted of a crime which is punishable by death or imprisonment in excess of one year" and any witness has been convicted of a crime that readily can be determined to have been a crime of dishonesty or false statement . . . regardless of the punishment." See Fed. R. Evid. 609(a)(1)-(2) (2009). However, Rule 609(b) states that [e]vidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction . . . ." See Fed. R. Evid. 609(b).

In the instant case, Mr. Harrington, through discovery and in his deposition, admitted that he had been convicted of the crime of false impersonation in on about 1989 in Oklahoma. Being that the conviction happened more than ten years ago, any reference to the fact should be excluded from opening statement, questioning of witnesses, closing argument or in any other way before the jury.

Mr. Harington's Second Amended Complaint [DE 39] does not seek damages for lost wages, therefore, any reference to wages or IRS tax returns would be irrelevant in the instant case. Furthermore, if the defense would seek to impeach

Mr. Harrington's testimony with the theory that since he refused to answer questions or provide discovery on the issue of past tax returns; he has failed to file tax returns. The Court should note that Mr. Harrington has never been charged, convicted, plead guilty or adjudicated in any other form to any crime for failure to file an income tax return. Therefore, any mention of the issue or attempt to impeach Mr. Harrington with issue of tax returns or loss of income would be irrelevant, prejudicial and inadmissible.

  Respectfully Submitted,

  August 20, 2009


 /s Lowell J. Kuvin
_____
Lowell J. Kuvin
Fla. Bar No.:53072
lowell@kuvinlaw.com
Law Office of Lowell J. Kuvin
22 NE 1st Street Suite 201
Miami Florida 33132
Tele:  305.358.6800
Fax:   305.358.6808
*Attorney for Plaintiff*


**CERTIFICATE OF SERVICE**

I hereby certify I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Case No.: 08-10016-CIV-KING-BANDSTRA

## SERVICE LIST

**Michael Thomas Burke**
Johnson Anselmo Murdoch Burke Piper & McDuff
International Building
2455 E Sunrise Boulevard
Suite 1000
PO Box 030220
Fort Lauderdale, FL 33304-0220
954-463-0100
Fax: 463-2444
Email: burke@jambg.com
LEAD ATTORNEY  FOR DEFENDANTS
ATTORNEY TO BE NOTICE